**Mark Anthony GORHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00898–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 30, 1998.

Discretionary Review Refused Feb. 3, 1999.

Diana Olvera, Houston, for appellant.

Anthony Mark Gorham, Huntsville, pro se.

Alan Curry, Houston, for appellee.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is an appeal from an adjudication of guilt for aggravated robbery which followed the trial court's finding that appellant had violated the conditions of his probation. Appellant raises one point of error contending his original guilty plea was involuntary because he was not admonished as to the deportation consequences of his plea. We affirm.

### Background

On May 2, 1991, appellant entered a negotiated guilty plea to the offense of aggravated assault. The trial court accepted appellant's plea and, in accordance with the prosecutor's

suggestion, assessed punishment at eight years probation. Approximately five years later, the State filed a motion to adjudicate guilt. Following a hearing, the trial court revoked appellant's probation, adjudicated him guilty of aggravated assault, and assessed punishment at ten years confinement in the Texas Department of Criminal Justice, Institutional Division and a $10,000 fine. On appeal, appellant contends his original guilty plea was involuntary because the trial court failed to admonish him as to the possibility of his deportation as required by article 26.13 of the Texas Code of Criminal Procedure.

## Analysis

*Jurisdiction*

As a general rule, a defendant who pleads guilty or nolo contendere and whose punishment does not exceed that suggested by the plea bargain is not allowed to appeal any matter without the trial court's permission except rulings on pretrial motions and jurisdictional defects. *See* TEX.R.APP. P. 25.2 (formerly Rule 40(b)(1)). The Texas Court of Criminal Appeals has held, however, that a plea-bargaining defendant is entitled to challenge the voluntariness of a negotiated guilty plea. *See Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App.1996) (construing predecessor to Rule 25.2(b)(3)). Because appellant contends the trial court's failure to comply with Article 26.13 rendered his plea involuntary, we may consider his point of error.[1]

*Failure to Admonish*

In his sole point of error, appellant contends his guilty plea was involuntary because the trial judge failed to admonish him as to the deportation consequences of his plea as

required by article 26.13 of the Texas Code of Criminal Procedure. Article 26.13 provides, in pertinent part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

. . . .

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon 1989). The trial court may make the required admonishments either orally or in writing. *Id.* art. 26.13(d). If the court admonishes the defendant in writing, it must receive a statement signed by the defendant and his attorney that the defendant understands the admonishments and is aware of the consequences of his plea. *Id.* In the present case, the record does not contain a written statement of admonishments as prescribed by article 26.13(d). Therefore, we must determine whether the reporter's record shows the trial court admonished appellant orally.

 A review of the reporter's record in this case reveals a notable absence of any reference to the deportation admonishment found in subsection (a)(4). In fact, the State has neither cited, nor have we found, *any* place in the transcribed record of the plea hearing indicating the trial judge admonished appellant as to the deportation consequences of his plea.[2] The clerk's record does, howev-

---

1. We recognize the language of Rule 25.2(b)(3) differs from the language of former Rule 40(b)(1). Because the text of the newly enacted Rule 25.2(b)(3) *does not* expressly allow a plea-bargaining defendant to appeal the voluntariness of his plea by filing a general notice of appeal, it is plausible the court of criminal appeals intended to prohibit appeals that were otherwise permissible under *Flowers.* In the present case, however, we need not decide what effect, if any, Rule 25.2(b)(3) has on the court's holding in *Flowers.* Although the court of criminal appeals has directed appellate courts to apply the new rules to any case pending on September 1, 1997, we are to suspend the application of the new rules to pending appeals if their application

"would work injustice." *See* Court of Criminal Appeals Final Approval, 60 Tex. B.J. 876 (Tex. Crim.App. Aug. 1997). In this case, appellant perfected his appeal *before* September 1, 1997. At that time, a plea-bargaining defendant could challenge the voluntariness of his plea by filing a general notice of appeal. Thus, even if Rule 25.2(b)(3) alters the holding in *Flowers,* we will follow *Flowers* in this case and address the merits of appellant's complaint.

2. Article 26.13(c) does provide that substantial compliance with the statute is sufficient unless the defendant demonstrates he was not aware of the consequences of his plea and that he was

er, contain a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" which includes the following pre-printed language above the judge's signature:

> This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. *After I admonished the defendant of the consequences of his plea,* I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney.

(emphasis added).

■ We recognize there are many cases supporting the notion that appellate courts apply a presumption of regularity to proceedings and presume that recitals in court documents are true and correct. *See Garza v. State,* 896 S.W.2d 192, 197 (Tex.Crim.App. 1995); *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984); *see also Jones v. State,* 646 S.W.2d 449 (Tex.Crim.App.1983) (where procedural requirements do not affirmatively appear in record to have been violated, presumption of regularity prevails). However, the court of criminal appeals has consistently held that recitals in court documentation indicating a defendant received the proper admonishments are insufficient to overcome a transcribed record which affirmatively shows the admonishments were, in fact, not given. *See Murray v. State,* 561 S.W.2d 821, 822 (Tex.Crim.App.1977) (holding that where transcription of proceedings affirmatively shows the trial court totally failed to give particular admonishment, "[t]he Defendant's Affidavit of Admonitions and Jury Waiver' . . . cannot be considered in

determining whether the trial court sufficiently complied with the requirements of Article 26.13.").[3] Furthermore, we have not found any case in which the court of criminal appeals has held that pre-printed, boilerplate recitals signed only by the trial judge overcome a reporter's record which affirmatively shows the judge did not admonish a defendant as to the deportation consequences of his plea. Therefore, given the record before us, we cannot conclude the trial judge complied with article 26.13(a). The judge's failure to fully admonish appellant violates the mandatory language of article 26.13 and constitutes error. *See Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997). We must now determine whether the error requires reversal.

*Harm Analysis*

■ In 1996, the court of criminal appeals held that the failure to admonish a defendant regarding the deportation consequences of a guilty plea constitutes reversible error without regard to whether the defendant was, in fact, harmed. *See Morales v. State,* 872 S.W.2d 753, 754–55 (Tex.Crim.App.1994). In 1997, the court reversed its position in *Morales* and held that error arising from the trial court's failure to admonish a defendant as required by article 26.13(a)(4) *is* subject to a harm analysis. *See Cain,* 947 S.W.2d at 264. The court concluded that because the record affirmatively showed the defendant was a United States citizen (and therefore not subject to deportation), the trial court's failure to admonish him in accordance with article 26.13(a)(4) was harmless. *Id.* Therefore, harm is no longer presumed when there is a total failure to admonish a defendant regarding the deportation consequences of his plea. *Id; see also High v. State,* 964 S.W.2d 637, 638 (Tex.Crim.App.1998). Consequently, we must determine whether the trial court's er-

---

mislead or harmed by the admonishment of the court. *Id.* art. 26.13(c). However, where the record shows the trial judge *wholly* failed to give the defendant the deportation admonishment, substantial compliance with article 26.13 has not occurred. *See Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997). As discussed above, this case does not present an issue of substantial compliance, but whether the record is sufficient to show the trial court *ever* admonished appellant as to the deportation consequences of his plea.

**3.** *See also Rogers v. State,* 479 S.W.2d 42, 43 (Tex.Crim.App.1972), *overruled on other grounds, Guster v. State,* 522 S.W.2d 494, 495 n. 2 (Tex. Crim.App.1975); *Ex parte Battenfield,* 466 S.W.2d 569, 571–72 (Tex.Crim.App.1971), *overruled on other grounds, Ex parte Taylor,* 522 S.W.2d 479, 480 n. 1 (Tex.Crim.App.1975); *Miller v. State,* 424 S.W.2d 430, 431–32 (Tex.Crim. App.1968), *overruled on other grounds, Ex parte Taylor,* 522 S.W.2d 479, 480 n. 1 (Tex.Crim.App. 1975).

ror in this case harmed appellant; in doing so, we will apply the new Texas Rule of Appellate Procedure 44.2.[4]

Rule 44.2 provides that *"if the appellate record in a criminal case reveals constitutional error* that is subject to harmless error review [reversal is required] unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex.R.App. P. 44.2(a) (emphasis added). Under subsection (b) of the Rule, "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Id.* at 44.2(b). Thus, our initial task in deciding whether the trial court's error is harmless is to ascertain whether the error is one of constitutional dimension.

■■■ The purpose and function of article 26.13 are to ensure that only a constitutionally valid plea is entered and accepted by the trial court. *See Ex parte Morrow,* 952 S.W.2d 530, 534 (Tex.Crim.App.1997). Therefore, in cases where a non-citizen defendant pleads guilty to a criminal offense, the trial court's failure to admonish him regarding the possibility of deportation raises serious due process concerns. *See, e.g., Ex parte Cervantes,* 762 S.W.2d 577, 578 (Tex. Crim.App.1988), *overruled on other grounds, Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim. App.1997). On the other hand, because a defendant who is a United States citizen is not subject to deportation, the same due process considerations are not implicated when the court fails to admonish him in accordance with article 26.13(a)(4). *See, e.g., Cain,* 947 S.W.2d at 264. Thus, although the failure to give a United States citizen the deportation admonishment violates statutory law, it is not a constitutional error and does not affect the defendant's substantial rights.[5]

■■■ Both parties agree there is nothing in the record that reveals whether appellant

is a United States citizen. Emphasizing that the record is silent on the issue, appellant argues it is impossible to determine whether the trial court's error was harmless and, therefore, we must reverse his conviction and remand his case for a new trial. We disagree. As noted above, only those errors that are constitutional in nature are subject to the traditional "beyond a reasonable doubt" harmless error analysis. Moreover, trial court errors may be labeled "constitutional" only when the appellate record affirmatively supports classifying them as such. *See* Tex.R.App. P. 44.2(a).[6] Because the record before us does not indicate that appellant is not a United States citizen, we have no basis to conclude the trial court's error in failing to admonish appellant regarding the deportation consequences of his plea is "constitutional" in nature or affects appellant's substantial rights. We are therefore required to disregard the error of which he now complains. *See id.* at 44.2(b). Accordingly, we overrule appellant's sole point of error.

The judgment of the trial court is affirmed.

---

**4.** Although the former and current rules differ somewhat, the court of criminal appeals has applied the current "harmless error" rule (Tex.R.App P. 44.2) regardless of when the case was tried or notice of appeal was given. *See, e.g., King v. State,* 953 S.W.2d 266 (Tex.Crim. App.1997).

**5.** In fact, at least one court has characterized deportation as a "collateral consequence" of

which a defendant does not have to be knowledgeable before his plea is considered knowing and voluntary. *See United States v. Campbell,* 778 F.2d 764, 767 (11th Cir.1985).

**6.** If not otherwise reflected in the record, a defendant may establish his foreign citizenship by way of a motion for new trial or by filing an application for writ of habeas corpus.