TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00799-CR






Michael Allen Coufal, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 49,874, HONORABLE JOE CARROLL, JUDGE PRESIDING







 Appellant Michael Allen Coufal was charged by indictment with driving a motor
vehicle while intoxicated. See Tex. Penal Code Ann. § 49.04 (West Supp. 2000). Because he
had already been convicted of driving while intoxicated more than twice, appellant was charged
with a third-degree felony. See id. § 49.09(b). Appellant waived trial by jury and pleaded guilty. 
There was no plea-bargain agreement between appellant and the State. The trial court assessed
appellant's punishment at imprisonment for two years. We affirm.

 Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant
was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief
has been filed, but a letter written by appellant in which he complains of the performance of his 
trial counsel was received by this Court on January 27, 2000.

 We have reviewed the record and counsel's brief and agree that the appeal is
without merit. However, in an abundance of caution, we will address the two issues briefed by
appellant's counsel.

 The first issue concerns whether the trial court erred by failing to admonish
appellant of the immigration consequences of his plea, thereby rendering the plea involuntary. 
Regardless of the plea entered, a defendant retains the right to pursue an appeal that asserts the
involuntary nature of his plea. See Flowers v. State, 935 S.W.2d 131, 133-34 (Tex. Crim. App.
1996); Hernandez v. State, 986 S.W.2d 817, 821 (Tex. App.--Austin 1999, pet. ref'd). 
Appellant's notice of appeal invokes the jurisdiction of this court to consider appellant's assertion
that his plea was not voluntary. See Hernandez, 986 S.W.2d at 820.

 A defendant pleading guilty to a felony must be admonished by the trial court
regarding the immigration consequences of a plea. See Tex. Code Crim. Proc. Ann. art.
26.13(a)(4) (West Supp. 2000). The admonishment may be extended orally or in writing. See
id. art. 26.13(d) (West 1989). Before accepting appellant's guilty plea, the trial court failed to
admonish appellant of the consequences of a guilty plea by persons who are not citizens of the
United States. The clerk's record contains a written admonishment concerning the range of
sentence but no evidence of an admonishment consistent with article 26.13(a)(4). Furthermore,
the reporter's record reveals no evidence of an oral admonishment with respect to the immigration
consequences to non-citizens of a voluntary plea of guilty.

 Substantial compliance with the admonishment requirement is sufficient "unless the
defendant affirmatively shows that he was not aware of the consequences of his plea and that he
was misled or harmed" by the court's admonishment. Tex. Code Crim. Proc. Ann. art. 26.13(c)
(West 1989); accord Carranza v. State, 980 S.W.2d 653, 658 (Tex. Crim. App. 1998). When
a judge wholly fails to admonish a defendant, as here, substantial compliance has not been
satisfied. See Carranza, 980 S.W.2d at 656.

 A judge's failure to admonish a defendant violates the mandatory language of article
26.13(a) and constitutes error. See Gorham v. State, 981 S.W.2d 315, 318 (Tex. App.--Houston
[14th Dist.] 1999, pet. ref'd), cert. denied, 120 S. Ct. 157 (1999). A trial court's failure to
substantially comply with article 26.13(a)(4) is nonconstitutional error reviewable for harm
pursuant to Texas Rule of Appellate Procedure 44.2(b). See Tex. R. App. P. 44.2; Gorham, 981
S.W.2d at 318; Carranza, 980 S.W.2d at 656.

 While failure to admonish a non-citizen implicates serious due process concerns,
a trial court's failure to extend the same admonishment to a citizen of the United States does not. 
 See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Because the record offers no
indication of appellant's citizenship, we have no basis to conclude the trial court's failure to
admonish appellant of the risk of deportation, exclusion from admission to the country, or denial
of naturalization is constitutional in nature or affects a substantial right. See Gorham, 981 S.W.2d
at 319.

 Further, to be entitled to a reversal, a defendant who is not properly admonished
pursuant to article 26.13 must affirmatively show that he was not aware of the consequences of
his plea and that he was misled or harmed by the court's defective admonishment. No basis exists
in the record to conclude that appellant was misled. Accordingly, we conclude that any error is
harmless, and therefore, the plea is voluntary.

 The second issue concerns whether appellant received ineffective assistance of
counsel. To show ineffective assistance of counsel, appellant must show that: (1) counsel's
performance was deficient, falling below an objective standard of reasonableness; and (2) the
deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair
trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d
53, 57 (Tex. Crim. App. 1986). Appellant's burden requires him to establish his claims by a
preponderance of the evidence. See Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998) (citing McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992)).

 Based on the record before us, appellant has failed to show that his counsel's
performance was deficient under the first prong of the Strickland test; therefore, we need not
address whether any alleged deficient performance prejudiced the defense under Strickland's
second prong. See Miranda v. State, 993 S.W.2d 323, 329 (Tex. App.--Austin 1999, no pet.).

 The judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 2, 2000

Do Not Publish



c. Ann. art.
26.13(a)(4) (West Supp. 2000). The admonishment may be extended orally or in writing. See
id. art. 26.13(d) (West 1989). Before accepting appellant's guilty plea, the trial court failed to
admonish appellant of the consequences of a guilty plea by persons who are not citizens of the
United States. The clerk's record contains a written admonishment concerning the range of
sentence but no evidence of an admonishment consistent with article 26.13(a)(4). Furthermore,
the reporter's record reveals no evidence of an oral admonishment with respect to the immigration
consequences to non-citizens of a voluntary plea of guilty.

 Substantial compliance with the admonishment requirement is sufficient "unless the
defendant affirmatively shows that he was not aware of the consequences of his plea and that he
was misled or harmed" by the court's admonishment. Tex. Code Crim. Proc. Ann. art. 26.13(