Stanley J. Peacock v. Travelers Property Casualty Insurance Company















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-301-CV
No. 10-00-037-CV

Â Â Â Â Â STANLEY J. PEACOCK,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â TRAVELERS PROPERTY
Â Â Â Â Â CASUALTY INSURANCE COMPANY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 2
Dallas County, Texas
Trial Court # 98-4047-A
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â 
Â Â Â Â Â Â The legal analysis and conclusions of the majority opinion are correct and accordingly I
concur. However, I cannot join the appeal to the Legislature to correct, repair or fix the
system used to transfer cases among the courts of appeals for docket equalization and write this
concurring opinion to explain. For the reasons stated in my concurring opinion in Simonek,
we should not use this forum to call upon the Legislature to do anything. In re Simonek, 3
S.W. 3d 285, 289 (Tex. App.âWaco 1999, no pet.) (Gray, J., concurring). It is not our place
or privilege to use this office as a special forum from which to call for legislative action. 
Â Â Â Â Â Â With these comments, I respectfully concur in the majority opinion.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Concurring opinion delivered and filed March 29, 2000
Publish



of error, namely, that the trial court did not admonish Gamble in
accordance with article 26.13 of the Code of Criminal Procedure.

   Article 26.13 requires the court to
admonish a defendant before accepting a guilty plea.Â  Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2006).Â 
The admonishments to be given are:

(1)Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the applicable range of
punishment;

Â 

(2)Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the fact that the
prosecutorÂs punishment recommendation is not binding;

Â 

(3)Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the fact that the defendant
must obtain the courtÂs permission to appeal if the punishment does not exceed
the prosecutorÂs recommendation, except on matters raised by written pretrial
motion;

Â 

(4)Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the fact that, if the
defendant is not a United States citizen, his guilty plea may result in
deportation; and

(5)Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the fact that the defendant
will be required to register as a sex offender if he is convicted of an offense
which requires such registration.

Â 

Id.

Â Â Â Â Â Â Â Â Â  Here, the second, third, and fifth
admonishments do not apply because there was no punishment recommendation and
Gamble was not convicted of a sex crime.Â  See Anderson v. State, 182
S.W.3d 914, 917 (Tex. Crim. App. 2006).Â  Thus, GambleÂs substantial rights were
not affected by the courtÂs failure to provide these admonishments.Â  See
Tex. R. App. P. 44.2(b).

Â Â Â Â Â Â Â Â Â  The trial court did not expressly
admonish Gamble regarding the applicable range of punishment.Â  However, the
prosecutor generally explained the applicable punishment range to Gamble on the
record at the courtÂs direction and the attorneys covered the applicable
punishment range at length during voir dire.Â  Thus, GambleÂs substantial rights
were not affected by the courtÂs failure to admonish him regarding the range of
punishment.Â  See Aguirre-Mata v. State, 125 S.W.3d 473, 476-77 (Tex. Crim. App. 2003).

Â Â Â Â Â Â Â Â Â  Neither did the court admonish Gamble
regarding the deportation consequences of a guilty plea.Â  See Tex. Code Crim. Proc. Ann. art.
26.13(a)(4).Â  This was error.Â  See Carranza v. State, 980 S.W.2d 653,
656 (Tex. Crim. App. 1998); Song Sun Hwang v. State, 130 S.W.3d 496, 498
(Tex. App.ÂDallas 2004, pet. refÂd).Â  To determine whether the courtÂs failure
to admonish Gamble requires reversal under Rule 44.2(b), we must ask, Âconsidering
the record as a whole, do we have a fair assurance that the defendantÂs
decision to plead guilty would not have changed had the court admonished him?ÂÂ 
 Anderson, 182 S.W.3d at 919.

Â Â Â Â Â Â Â Â Â  If the record affirmatively reflects
that Gamble is a United States citizen, the error would be harmless.Â  See
id.Â  Conversely, if the record affirmatively reflects that he is not a
citizen, the error would require reversal.Â  See Carranza, 980 S.W.2d at
658.

Â Â Â Â Â Â Â Â Â  AppellantÂs counsel cites the decision
of the San Antonio Court in Garza v. State for the proposition that,
because the record does not affirmatively show that the trial courtÂs failure
to admonish Gamble on the deportation consequences harmed him, we must conclude
that he was not harmed by such failure.Â  2 S.W.3d 331, 334 (Tex. App.ÂSan
Antonio 1999, pet. refÂd); see also Gorham v. State, 981 S.W.2d 315, 319
& n.6 (Tex. App.ÂHouston [14th Dist.] 1998, pet. refÂd).Â  In Garza,
the San Antonio Court held that the defendant was not harmed by a failure to
admonish on the deportation consequences because Â[the defendant] did not
show that she was unaware of the consequences of her plea or that she was
misled or harmed.ÂÂ  Garza, 2 S.W.3d at 334 (emphasis added); see also
Gorham, 981 S.W.2d at 319 n.6 (ÂIf not otherwise reflected in the record, a
defendant may establish his foreign citizenship by way of a motion for new
trial or by filing an application for writ of habeas corpus.Â) (emphasis
added).

Â Â Â Â Â Â Â Â Â  This observation, however, appears
inconsistent with the now-settled principle that neither party bears a burden
on the issue of harm.

Â Â Â Â Â Â Â Â Â  Neither the appellant nor the State
have any formal burden to show harm or harmlessness under Rule 44.2(b).

Â 

Â Â Â Â Â Â Â Â Â  Â [N]either the State nor appellant
must demonstrate harm when [a non-constitutional] error has occurred.Â  Rather,
it is the appellate courtÂs duty to assess harm after a proper review of the
record.Â  Accordingly, a conviction must be reversed on direct appeal if the
record shows that a defendant was unaware of the consequences of his plea and
that he was misled or harmed by the trial courtÂs failure to admonish him
regarding the range of punishment.

Â 

Â Â Â Â Â Â Â Â Â  Thus, a reviewing court must
independently examine the record for indications that a defendant was or was
not aware of the consequences of his plea and whether he was misled or harmed
by the trial courtÂs failure to admonish him of the punishment range.

Â 

Burnett v. State, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002)
(footnotes omitted);[1] accord
 Anderson, 182 S.W.3d at 918.

Â Â Â Â Â Â Â Â Â  Applying Burnett to GambleÂs
case, we Âmust independently examine the record for indications that [Gamble]
was or was not aware of the [deportation] consequences of his plea and whether
he was misled or harmed by the trial courtÂs failure to admonish him of the
[deportation consequences].ÂÂ  See Burnett, 88 S.W.3d at 638.

Â Â Â Â Â Â Â Â Â  Because the record is silent on this
issue, we may infer that Gamble was not aware of the deportation consequences.Â 
 Id.Â  GambleÂs mother testified that she had lived in Mexia Âa long
time.ÂÂ  Gamble testified that he resides in Mexia and that he completed tenth
grade.Â  Perhaps it could be inferred from this testimony that Gamble is a citizen.Â 
Perhaps not.

Â Â Â Â Â Â Â Â Â  When conducting a harm analysis, if
this court Âhas Âa grave doubtÂ that the result [of the underlying proceeding] was
free from the substantial influence of the error, then it must treat the error
as if it [had a substantial influence on the outcome].ÂÂ  Id. at 637.Â 
Stated another way, Âin cases of grave doubt as to harmlessness the petitioner
must win.ÂÂ  Id. at 638 (quoting OÂNeal v. McAninch, 513 U.S. 432, 437, 115 S. Ct. 992, 995, 130 L. Ed. 2d 947 (1995)).

Â Â Â Â Â Â Â Â Â  In the face of a silent record, we
harbor grave doubts as to whether Gamble was harmed by the courtÂs failure to
admonish him of the deportation consequences of his plea.Â  Therefore, this
appeal presents at least one issue of arguable merit.Â  Accordingly, we will
abate this appeal for the appointment of new counsel.Â  See Perryman v. State,
159 S.W.3d 778, 779 (Tex. App.ÂWaco 2005, order) (per curiam).

Â Â Â Â Â Â Â Â Â  AppellantÂs new counsel should
personally review the record to determine what issues should be raised in this
appeal, including whether the issue identified by this Court should be raised,
and if not, why the issue identified has no arguable merit.Â  Id.

Conclusion

Â Â Â Â Â Â Â Â Â  We abate this appeal for the
appointment of new counsel.[2]Â  Id.Â Â  The trial courtÂs order appointing new appellate counsel must be filed with
the Clerk of this Court in a supplemental clerkÂs record within fifteen (15)
days after the date of this Order.Â  CounselÂs brief is due thirty (30) days
after appointment.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray believes this abatement order is an unnecessary waste of taxpayer
resources.Â  He would affirm the trial courtÂs judgment.)

Appeal abated

Order issued and filed
August 30, 2006

Publish









[1]
Â Â Â Â Â Â Â Â Â  The second paragraph of this
quoted excerpt from Burnett purports to be a quotation from Carranza
v. State.Â  See Burnett v. State, 88 S.W.3d 633, 638 & n.14 (Tex.
Crim. App. 2002) (citing Carranza, 980 S.W.2d 653, 658 (Tex. Crim. App.
1998)).Â  However, this language does not appear in Carranza.





[2]
Â Â Â Â Â Â Â Â Â  GambleÂs present counsel has
already filed a motion to withdraw with the trial court.