Opinion issued June 26, 2008













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00663-CR




TAE SUN YUN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 541457-A




MEMORANDUM OPINION

          Appellant, Tae Sun Yun, pleaded nolo contendere, without an agreed
recommendation on punishment, to the second-degree felony offense of sexual
assault. See Tex. Penal Code Ann. § 22.011 (Vernon Supp. 2007). The trial court
deferred adjudication and placed appellant on community supervision for a period of
10 years, which appellant successfully completed and was discharged. Subsequently,
appellant filed an application for a post-conviction writ of habeas corpus, which the
trial court denied. See Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005)
(allowing application to be made by person who is, or has been, on community
supervision); see also Ex parte Enriquez, 227 S.W.3d 779, 781–83 (Tex. App.—El
Paso 2005, pet. ref’d) (applying article 11.072 to deferred adjudication community
supervision). Appellant appeals the denial of his application for writ of habeas
corpus.
          In what we construe as two issues,


 appellant contends that (1) his plea was
involuntary because it was based on ineffective assistance of counsel at trial and (2)
the trial court erred in accepting his plea without properly admonishing him regarding
the deportation consequences of his plea.
          We affirm.
 
 
Background
          Appellant is a citizen of Korea and a legal resident of the United States. On
September 10, 1989, appellant, then a student at the University of Houston, was
charged with having committed sexual assault on September 7, 1989. At appellant’s
request, an interpreter was present at the plea proceedings. The record of the plea
proceedings indicates that appellant told the trial court that he understood English and
would turn to the interpreter only if he felt that he did not understand what was being
said to him at any particular point in the proceedings. Appellant testified in English
and entered a plea of nolo contendere to the offense. 
          Appellant successfully completed the 10-year term of community supervision
assessed by the trial court and was discharged. Notwithstanding, based on his plea
of nolo contendere to a sexually assaultive offense, appellant became classified as an
“aggravated felon” for immigration purposes and was therefore subject to deportation. 
See 8 U.S.C. § 1227(a)(2)(A) (2006). 
          On October 20, 2006, appellant was arrested by Immigration and Customs
Enforcement and deportation proceedings began. Appellant subsequently sought
habeas relief on the grounds that he would not have entered a plea of nolo contendere
if his trial counsel and the trial court had properly informed him that he would be
subject to deportation by his plea. The trial court denied habeas relief, and this appeal
of the denial ensued.
JurisdictionTexas Code of Criminal Procedure establishes the procedures for an application
for a writ of habeas corpus in a felony or misdemeanor case in which the applicant
seeks relief from an order of community supervision. Tex. Code Crim. Proc. Ann.
art. 11.072, § 1 (Vernon 2005). Article 11.072 provides that, at “the time the
application is filed, the applicant must be, or have been, on community supervision,
and the application must challenge the legal validity of: (1) the conviction for which
or order in which community supervision was imposed; or (2) the conditions of
community supervision.” Id. art. 11.072, § 2(b); see Ex parte Enriquez, 227 S.W.3d
at 781–83 (concluding that trial court had jurisdiction to consider habeas corpus
application filed by defendant who had been discharged from deferred adjudication
community supervision, under language in article 11.072 requiring that applicant,
“must be, or have been, on community supervision”). If the trial court denies the
application “in whole or part, the applicant may appeal under Article 44.02 and Rule
31, Texas Rules of Appellate Procedure.” Tex. Code Crim. Proc. Ann. art. 11.072,
§ 8.
          Here, appellant’s application for writ of habeas corpus, which was filed after
appellant completed community supervision, challenges the trial court’s order that
deferred the adjudication of his guilt and imposed community supervision by
asserting that his plea of nolo contendere was involuntarily entered. Hence, the trial
court had jurisdiction over appellant’s application. See id. art. 11.072, §§ 1, 2(b);
Arreola v. State, 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no
pet.); Ex parte Enriquez, 227 S.W.3d at 781–83. We have jurisdiction over the appeal
from the denial of that application. Tex. Code Crim. Proc. Ann. art. 11.072, § 8;
Arreola, 207 S.W.3d at 390. 
          The State contends that we lack jurisdiction to consider appellant’s appeal
because the trial court did not issue a written order on appellant’s application for writ
of habeas corpus. The record shows that appellant filed an application for a post-conviction writ of habeas corpus on October 20, 2006 and that he amended his
application on June 13, 2007. Appellant states in his brief that, “[f]or unknown
reasons, the trial court took no action” on the application. On July 19, 2007,
however, appellant filed a “Second Amended Application for Writ of Habeas
Corpus,” which the trial court denied on October 18, 2007. The trial court’s written
order appears in the supplemental clerk’s record before us.
Voluntariness of Plea
          In his first issue, appellant contends that his plea was involuntary because his
trial counsel failed to inform him of the deportation consequences of his plea of nolo
contendere. 
          In reviewing a trial court’s decision to grant or deny habeas corpus relief, we
review the facts in the light most favorable to the trial court’s ruling and uphold that
ruling absent an abuse of discretion. Kniatt v. State, 206 S.W.3d 657, 664 (Tex.
Crim. App. 2006); Arreola, 207 S.W.3d at 391. We give almost total deference to the
trial court’s determination of historical facts that are dependent upon an evaluation
of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). A trial court may accept or reject all or part of the testimony of any witness.
Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). We afford the same
amount of deference to the trial court’s application of the law to the facts, if the
resolution of the ultimate questions turns on an evaluation of credibility and
demeanor. Guzman, 955 S.W.2d at 89. If the resolution of the ultimate questions
turns on an application of legal standards, we review the determination de novo. Id.
          When a defendant challenges the voluntariness of a plea entered upon the
advice of counsel, contending that his counsel was ineffective, the voluntariness of
the plea depends on (1) whether counsel’s advice was within the range of competence
demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable
probability that, but for counsel’s errors, he would not have pled guilty or nolo
contendere and would have insisted on going to trial. Ex parte Moody, 991 S.W.2d
856, 857–58 (Tex. Crim. App. 1999) (applying Strickland v. Washington, 466 U.S.
668, 694, 104 S. Ct. 2052, 2068 (1984)); see Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App.1999) (stating that Strickland should be considered “controlling
authority for all ineffective assistance of counsel claims”).
          In assessing counsel’s competence under the first prong of Moody, we presume
that counsel has knowledge of legal principles that are neither novel nor unsettled. 
See Arreola, 207 S.W.3d at 392 (citing Ex parte Welch, 981 S.W.2d 183, 185 (Tex.
Crim. App. 1998)). The failure to advise a defendant about the consequences of a
plea constitutes ineffective assistance. Id. However, a defendant’s claim that “he was
misinformed by counsel, standing alone, is not enough for us to hold his plea was
involuntary.” Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d). Rather, to overcome the presumption of reasonable professional
assistance, “any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness.” Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Appellant must prove by a
preponderance of the evidence that trial counsel’s representation fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). 
 
          Counsel is accountable for the knowledge, or the ability to obtain the
knowledge, of relevant legal matters that are neither novel nor unsettled. Ex Parte
Welch, 981 S.W.2d at 185. The deportation consequences of a particular plea are
ascertainable matters of law. See 8 U.S.C. § 1227(a)(2)(A). Appellant’s counsel had
the obligation to provide appellant with accurate information.
          Here, at the hearing on appellant’s application for writ of habeas corpus,
appellant’s wife, Linda Yun, testified that she was married to appellant at the time of
the events at issue and that she accompanied appellant “three or four times” to visit
with appellant’s trial counsel, Charles C. Cate. Yun testified that appellant’s main
concern was that he not go to jail and that Cate told appellant that there would not be
“any problem.” Yun testified that, on one occasion, Cate called the office of her
immigration lawyer and spoke with “Simon,” a legal assistant at the office. 
According to Yun, Simon told Cate that there would not be any immigration
consequences arising from a plea of nolo contendere to a sexual assault. Yun testified
that Cate improperly relied upon the advice of Simon, a non-lawyer, and failed to
advise appellant that there would be consequences.
          The record reflects that, at the time of appellant’s application for writ of habeas
corpus in 2006, Cate was unable to testify because of Alzheimer’s disease. In lieu of
Cate’s testimony, appellant submitted two pages of Cate’s handwritten notes as his
evidence to support his application. Appellant appended to the notes the business
records affidavit of Cate’s wife and former office manager, Ruby Cate, who attested
that she is the custodian of records for the former business office of Charles C. Cate,
Attorney at Law; that the notes are in the handwriting of Charles C. Cate; that the
notes were made at or near the time of the event; and that they were kept in the
regular course of business. 
          Appellant contends that the “notes substantiate trial counsel’s error.” 
Specifically, appellant points to the following excerpts from Cate’s notes:
[O]nly a judge can give deferred adjudication. A jury cannot give
deferred. The judge defers a finding of guilty [sic] pending your good
behavior while on probation. . . . Simon says—can work with a deferred.
. . . [H]e could work with a deferred.
 
Appellant contends that “[t]hese handwritten notes prove that trial counsel
misrepresented to [appellant] that he ‘could work with a deferred’ without effecting
[sic] his immigration status.” 
          We disagree that Yun’s testimony and Cate’s notes constitute evidence that
affirmatively demonstrates that Cate told appellant that there would not be
immigration consequences to appellant’s plea of nolo contendere to a sexual assault.
The trial court was free to accept or reject any part of Yun’s testimony, and it
apparently chose not to accept that testimony. See Alvarado, 853 S.W.2d at 23. Even
if Cate spoke with Simon on some occasion, this is not evidence that Cate ultimately
relied on Simon’s comments, that he never spoke with Yun’s immigration lawyer on
another occasion, or that he failed to seek competent advice, if he needed it. Cate’s
notes—which contain doodles and scratch work, which were clearly written only to
himself, and which may be incomplete—do not constitute evidence of how Cate
ultimately advised appellant in this case with regard to his plea. These notes, which
do not address deportation issues, do not affirmatively demonstrate that Cate failed
to advise appellant regarding the deportation consequences of his plea. See Salinas,
163 S.W.3d at 740. 
          We cannot conclude that appellant has presented evidence that affirmatively
demonstrates that his plea was based on misinformation supplied by trial counsel. 
Appellant has not shown by a preponderance of the evidence that his trial counsel was
ineffective for failing to advise him properly regarding the consequences of his plea.
We hold that the trial court did not abuse its discretion when it denied habeas corpus
relief on this ground. 
          Accordingly, we overrule appellant’s first issue.
Trial Court’s Admonishments
          In his second issue, appellant contends that the trial court reversibly erred by
failing to admonish him about the deportation consequences of his plea of nolo
contendere.
          Texas Code of Criminal Procedure article 26.13 sets out the admonishments
a trial court must provide a defendant who pleads guilty or nolo contendere.


 Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2007). Among these is the
admonition that, if the defendant is not a citizen of the United States, a plea of nolo
contendere for the offense charged may result in deportation, the exclusion from
admission to this country, or the denial of naturalization under federal law. Id. art.
26.13(a)(4). A trial court errs if it accepts a defendant’s plea of nolo contendere
without admonishing him of the deportation consequences of his plea. Gorham v.
State, 981 S.W.2d 315, 318 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d); see
also Carranza v. State, 980 S.W.2d 653, 655–56 (Tex. Crim. App. 1998).
          The court may make the admonitions required by article 26.13(a) either orally
or in writing. Tex. Code Crim. Proc. Ann. art. 26.13(d). The record in this case
contains no written admonitions signed by the defendant. However, the record of the
plea hearing shows that the trial court orally admonished appellant regarding the
deportation consequences of his plea, as follows:
          THE COURT:       Are you a citizen of the United States?
          [Appellant]:           No, sir.
          THE COURT:       You understand that on a plea of no contest that this may
result in your deportation from this [c]ountry, or it may
result in your exclusion from admission to this [c]ountry,
or it may result in your denial of naturalization under the
federal law of this [c]ountry. Do you understand that these
things may happen?
          [Appellant]:           Yes, sir.
          . . . . 
          THE COURT:       You are represented in your case by Mr. Cate, is that
correct?
          [Appellant]:           Yes, sir.
          THE COURT:       Have you had ample time to visit with him and has he been
able to answer all your questions you have had about your
case?
          [Appellant]:           Yes, sir.
          THE COURT:       Are you satisfied with his representation?
          [Appellant]:           Yes, sir.



          Appellant’s testimony at the plea hearing demonstrates that he was aware of
the consequences. In addition, the trial court signed plea papers providing that the
trial court had admonished appellant of the consequences of his plea. 

          A record that indicates that the trial court properly admonished the defendant
presents a prima facie showing that his plea was made voluntarily and knowingly. 
See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When, as here,
the record presents a prima facie showing that the plea was voluntary and knowing,
the burden shifts to the defendant to show that he entered the plea without
understanding the consequences. See Arreola, 207 S.W.3d at 391. 

          Appellant contends that he did not understand the consequences of his plea
because the interpreter did not interpret all of the questions in the plea proceedings. 
The record of the plea hearing indicates that an interpreter was present and that
appellant told the trial court that he would use the interpreter if there was anything
said to him that he did not understand. Appellant testified in English, and, at the
conclusion of the hearing, the trial court asked appellant if he had any questions about
anything and appellant replied that he did not.

          Appellant did not testify at the hearing on the application for writ of habeas
corpus. At the conclusion of that hearing, appellant’s counsel conceded, “The record
supports that the Court with reference to the immigration consequences did its job
and admonished the defendant.” 

          We conclude that appellant has failed to meet his burden to show that he
entered his plea without understanding the consequences of his plea. We hold that
the trial court did not abuse its discretion by denying habeas corpus relief on this
ground.

          Accordingly, appellant’s second issue is overruled.

 
Conclusion

          We affirm the trial court’s judgment.





                                                             Laura Carter Higley

                                                             Justice

 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.