**Eugene Robert VANNORTRICK,**
**Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–03–01436–CR, 05–03–01437–CR.**

Court of Appeals of Texas,
Dallas.

May 9, 2006.

Deborah Farris, Dallas, for appellee.

Eugene Robert Van Nortrick, appellee pro se.

William T. (Bill) Hill, Criminal Dist. Atty., Amy Sue Melo Murphy, Dallas, for The State of Texas.

Before Justices WRIGHT, BRIDGES, and FITZGERALD.

## OPINION

Opinion by Justice WRIGHT.

Eugene Robert VanNortrick appeals his convictions for aggravated sexual assault of a child. After appellant pleaded guilty before the jury, it assessed punishment at ninety-nine years' confinement and a $2500 fine in each case. In two issues, appellant argues the trial court reversibly erred when it failed to admonish him of the possible deportation consequences of his guilty pleas as required by article 26.13(a)(4) of the Texas Code of Criminal Procedure. We agree, reverse the trial

court's judgments, and remand for further proceedings.

Appellant pleaded guilty to two offenses of aggravated sexual assault of a child under fourteen years of age. The trial court orally admonished appellant regarding the punishment range and the sex offender registration requirements for the offenses. The written admonishment delivered to appellant addressed only the sex offender registration requirements.

Appellant's original appellate counsel filed a brief that concluded his appeals were wholly frivolous and without merit. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, we concluded there was an arguable issue for appeal. *See VanNortrick v. State,* No. 05–03–01436–CR, 2005 WL 1594352 (Tex.App.-Dallas July 7, 2005) (not designated for publication). As a result, new appellate counsel was appointed by the trial court, and new briefing was filed.

■ In his first and second issues, appellant argues the trial court erred when it failed to admonish him of the possible deportation consequences of his guilty pleas as required by article 26.13(a)(4) of the Texas Code of Criminal Procedure. According to appellant, because the record is silent regarding his citizenship and does not show he was aware of the consequences of his guilty pleas, we must reverse his convictions. The State concedes the trial court failed to admonish appellant of the deportation consequences of his guilty pleas but argues the error was harmless because the record shows appellant had a prior felony conviction for which he could have been deported if he were not a United States citizen. The State also maintains the error was harmless because the record does not show that he is a non-citizen subject to deportation.

Before accepting a plea of guilty, the court shall admonish the defendant of,

among other things, the fact that if the defendant is not a citizen of the United States of America, a plea of guilty may result in deportation, exclusion from admission to this country, or the denial of naturalization. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon 2005). Substantial compliance by the court is sufficient unless the defendant shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. TEX.CODE CRIM. PROC. ANN. art. 26.13(c). When there is an insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance, the violation of article 26.13 comes within the standard of Texas Rule of Appellate Procedure 44.2(b). *Anderson v. State,* 182 S.W.3d 914, 918 (Tex.Crim.App.2006). However, the reviewing court conducts the rule 44.2(c) harm analysis in conjunction with the article 26.13(c) directive. *See Anderson,* 182 S.W.3d at 918; *Carranza v. State,* 980 S.W.2d 653, 658 (Tex.Crim.App.1998).

In *Carranza,* the court of criminal appeals declined to determine "the exact standard of review to be applied under rule 44.2(b)" when there is a complete failure to admonish. *Carranza,* 980 S.W.2d at 658. Instead, the court stated it understood "rule 44.2(b) to require that when there has been no substantial compliance with the admonishment requirements of article 26.13, a defendant is required to show *no more* than that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.*

Thereafter, the court of criminal appeals stated that in failure to admonish cases, a reviewing court must "independently examine the record for indications that a defendant was or was not aware of the consequences of his plea and whether he

was misled or harmed by the trial court's failure to admonish." *Burnett v. State,* 88 S.W.3d 633, 638 (Tex.Crim.App.2002). The *Burnett* court went on to explain that to warrant a reversal on direct appeal, the record must support an inference that appellant did not know the consequences of his plea. A silent record supports such an inference. *Id.*

Recently, in *Anderson,* the court of criminal appeals reformulated the standard of review to be used in cases where there is a complete failure to admonish. According to the *Anderson* court, the question we must answer in such cases is, considering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him? *Anderson,* 182 S.W.3d at 919.

Here, the record is completely silent regarding appellant's citizenship. And, although the State is correct that the record shows appellant was previously convicted of a felony in Michigan, that does not mean, as the State contends, that because he was not deported, the record "strongly suggests" he was a United States citizen. That could equally suggest that, were he subject to deportation, he was not deported through error or oversight, or he was deported and later reentered the country. With respect to the State's argument that, because appellant does not assert he is a non-citizen subject to deportation, there is no basis to conclude the trial court's error affected his substantial rights, we likewise disagree. Article 26.13 mandates that the trial court admonish all defendants who plead guilty, citizens and non-citizens alike. And, as the court of criminal appeals explained in *Anderson,* no party has the burden to prove harm. *Anderson,* 182 S.W.3d at 918. In determining whether appellant's substantial rights were affected, we independently review the record as

a whole and decide if we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him. *Id.* at 919. After making such a review, we do not have such an assurance.

 When the record shows a defendant is a citizen of the United States, any error in failing to admonish on deportation consequences is harmless because the admonition would not have changed a citizen's decision to plead guilty. *See id.* If, however, the record shows a defendant is a non-citizen subject to deportation for other circumstances, the error is not harmless because the criminal conviction puts the defendant at a greater disadvantage than one subject to deportation on the basis of an expired permit. *Id.* And, when the record shows a defendant is a non-citizen, but is silent regarding whether the defendant knew the consequences of his plea, the error is not harmless because a silent record supports an inference that appellant did not know the consequences of his plea. *Hwang v. State,* 130 S.W.3d 496, 499 (Tex.App.-Dallas 2004, pet. ref'd). Here, the record is silent regarding appellant's status as a citizen or non-citizen and whether he was aware of the deportation consequences of his plea.

Under such circumstances, we cannot make any determination regarding appellant's status as a citizen or non-citizen. Thus, unless we were to assume appellant is either a citizen or a non-citizen, we are unable to make *any* determination regarding whether appellant's decision to plead guilty would have changed had the court admonished him. It then follows that we cannot have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him.

Similarly, the record before this Court is silent regarding appellant's immigration

status. Thus, we cannot agree with the dissent that appellant's prior conviction renders any error in failing to admonish him harmless. Although the record shows appellant was convicted in Michigan in 1997 of attempted criminal sexual conduct in the first degree, it does not contain any finding or judgment by the immigration court ordering appellant removed from this country. That appellant has been convicted of a crime making him subject to deportation does not, without more, show appellant's immigration status has been "permanently altered." Just as we will not assume appellant is a citizen or non-citizen, we will not assume appellant's conviction has permanently altered his immigration status, thus rendering the trial court's error in failing to admonish appellant about the possibility of deportation harmless.

Because the record is silent regarding appellant's status as a citizen or non-citizen, whether he was aware of the deportation consequences of his plea, and his immigration status, we cannot affirmatively answer the question articulated by the court of criminal appeals in *Anderson.* In other words, after considering the record before us, and in particular its lack of information, we cannot make any determination regarding whether appellant's decision to plead guilty would have changed

had the court admonished him. Because we cannot make such a determination, we cannot have a fair assurance that appellant's decision to plead guilty would not have changed had the trial court admonished him, and we must sustain appellant's issues.

Accordingly, we reverse the trial court's judgments and remand for further proceedings.

FITZGERALD, J. dissenting.

Opinion by Justice FITZGERALD, dissenting.

While the State presented several compelling arguments,[1] I focus on the most significant. I would conclude the trial court's error in failing to admonish appellant about the possibility of deportation, exclusion from admission to this country, and denial of naturalization as required by article 26.13(a)(4) does not constitute reversible error in these cases. Specifically, appellant's prior conviction for an "aggravated felony" involving moral turpitude—as those terms are understood by the federal immigration statutes—renders the error harmless. I, therefore, dissent.

### Harmless Error Standard

Rule 44.2(b) provides, "Any other [i.e., nonconstitutional] error, defect, irregulari-

---

1. The State asserts the error in failing to give the article 26.13(a)(4) admonishment is not reversible when the record does not show the appellant is a non-citizen. *See Gorham v. State,* 981 S.W.2d 315, 317–19 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd). As the *Gorham* court noted, when the record does not reflect the defendant's citizenship, the defendant may assert and present evidence of his non-citizenship in a motion for new trial or by filing an application for writ of habeas corpus. *Id.* at 319 n. 6. In effect, the State persuasively argues that reversal is required only if the appellant is a non-citizen, that the appellant has the burden to show he is a non-citizen in order to fall within this classifica-

tion and therefore be entitled to this relief, and that appellant did not assert he is a non-citizen. Appellant argues only that, regardless of his citizenship, he is entitled to reversals of his convictions because the trial court failed to admonish him of the immigration consequences under article 26.13(a)(4). Appellant does not assert that he is a non-citizen, that his pleas of guilty were entered involuntarily, or that he was harmed or misled. Further comment is not necessary because an analysis of appellant's prior Michigan conviction for an aggravated felony under federal immigration law shows appellant was not harmed or misled by the failure to give the article 26.13(a)(4) admonishment.

ty, or variance that does not affect substantial rights must be disregarded." Tex. R.App. P. 44.2(b). The "substantial right" protected by article 26.13(a)(4) is the right to be informed of the potential for deportation, exclusion from admission to the country, and denial of naturalization as a result of a conviction for the charged offense. As stated in *Anderson v. State*, 182 S.W.3d 914 (Tex.Crim.App.2006), "[t]he question for us to decide in applying Rule 44.2(b) to the failure to give an admonition is, considering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him?" *Id.* at 919.

I would hold that if the record shows appellant's convictions of the charged offenses can have no effect upon his potential for deportation, exclusion from

admission to the country, and denial of naturalization, then we have "a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him" and that the error is not reversible.

## The Michigan Conviction

In applying the "fair assurance" standard set forth in *Anderson*, the reviewing court is required to "consider[ ] the record as a whole." *Id.* In these cases, the record contains a penitentiary packet from the Michigan Department of Corrections. This exhibit shows appellant was convicted in Michigan in 1997 of the attempted violation of section 750.520b of the Michigan Penal Code, "Criminal sexual conduct in the first degree." *See* Mich. Comp. Laws Serv. § 750.520b (LexisNexis 2001);[2] *see*

**2.** Michigan Compiled Laws Service section 750.520b provides,

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

(a) That other person is under 13 years of age.

(b) That other person is at least 13 but less than 16 years of age and any of the following:

(i) The actor is a member of the same household as the victim.

(ii) The actor is related to the victim by blood or affinity to the fourth degree.

(iii) The actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

(iv) The actor is a teacher, substitute teacher, or administrator of the public or nonpublic school in which that other person is enrolled.

(c) Sexual penetration occurs under circumstances involving the commission of any other felony.

(d) The actor is aided or abetted by 1 or more other persons and either of the following circumstances exists:

(i) The actor knows or has reason to know that the victim is mentally incapa-

ble, mentally incapacitated, or physically helpless.

(ii) The actor uses force or coercion to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in subdivision (f)(i) to (v).

(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon.

(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration. Force or coercion includes but is not limited to any of the following circumstances:

(i) When the actor overcomes the victim through the actual application of physical force or physical violence.

(ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.

(iii) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate"

*also id.* § 750.92(2) ("Attempt to commit a crime").[3] Under section 750.520b, "A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:...." *Id.* § 750.520b(1). The statute then lists seventeen "circumstances." *See id.* Appellant was sentenced to a minimum of forty months' and a maximum of sixty months' imprisonment for the attempted violation of section 750.520b.[4] *See id.* § 750.92(2) (punishment of up to five years if felony attempted was punishable by life or a term of years of five or more years).

## Deportation

Under federal law, a non-citizen who is convicted of an "aggravated felony" is deportable. 8 U.S.C.A. § 1227(a)(2)(A)(iii) (West 2005) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). The term "aggravated felony" includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic] at

includes threats of physical punishment, kidnapping, or extortion.

(iv) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

(v) When the actor, through concealment or by the element of surprise, is able to overcome the victim.

(g) The actor causes personal injury to the victim, and the actor knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless.

(h) That other person is mentally incapable, mentally disabled, mentally incapacitated, or physically helpless, and any of the following:

(i) The actor is related to the victim by blood or affinity to the fourth degree.

(ii) The actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

(2) Criminal sexual conduct in the first degree is a felony punishable by imprisonment in the state prison for life or for any term of years.

MICH. COMP. LAWS SERV. § 750.520b (LexisNexis 2001).

**3.** Michigan Compiled Laws section 750.92 provides,

Attempt to commit crime—Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

1. If the offense attempted to be committed is such as is punishable with death, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years;

2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year;

3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so attempted had been committed.

MICH. COMP. LAWS SERV. § 750.92 (LexisNexis 2001).

**4.** Appellant's mother testified he served five years. She also testified the complainant in the Michigan conviction was appellant's nephew who she thought was four years old at the time.

least one year." *Id.* § 1101(a)(43)(F).[5] Section 16 of title 18 defines "a crime of violence" as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C.A. § 16 (West 2000).

Appellant's Michigan conviction was for attempted "sexual penetration with another person" under aggravating circumstances. MICH. COMP. LAWS SERV. § 750.520b(1). This offense clearly qualifies as a "crime of violence" and "aggravated felony" because it involves "the use [or] attempted use ... of physical force against the person ... of another." *See* 18 U.S.C.A. § 16; *see also United States v. Velazquez–Overa,* 100 F.3d 418, 421 (5th Cir.1996) (Texas offense of indecency with a child involving sexual contact is "crime of violence"); *United States v. Reyes–Castro,* 13 F.3d 377, 379 (10th Cir.1993) (attempted sexual abuse of child is "crime of violence"). Having been convicted of an aggravated felony, appellant, if he is not a citizen, was already subject to deportation.

## Denial of Naturalization

To qualify for naturalization, a non-citizen must be "a person of good moral character."[6] 8 U.S.C.A. § 1427(a)(3) (West 2005). A person convicted of an aggravated felony can never be "a person of good moral character."[7] *Id.* § 1101(f)(8). Because appellant's Michigan conviction was an aggravated felony, he cannot be a person of good moral character and cannot meet the requirements for naturalization. If appellant is not a citizen, then at the time he pleaded guilty to the offenses in these cases, naturalization was already an impossibility due to the Michigan conviction.

## Exclusion from Admission

Section 1182 of title 8 makes "any alien convicted of ... a crime involving moral turpitude ... or an attempt ... to commit such a crime" subject to exclusion from admission to the country. 8 U.S.C.A. § 1182(a)(2)(A)(i)(I) (West 2005).[8] The im-

---

**5.** 8 U.S.C.A. § 1101(a)(43) provides,

(a) As used in this chapter—
(43) The term "aggravated felony" means—...
(F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic] at least one year; ...
(U) an attempt or conspiracy to commit an offense described in this paragraph.
8 U.S.C.A. § 1101(a)(43) (West 2005)

**6.** 8 U.S.C.A. § 1427(a)(3) makes good moral character a requirement for naturalization:

No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, ... (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well dis-

posed to the good order and happiness of the United States.
8 U.S.C.A. § 1427(a)(3) (West 2005).

**7.** 8 U.S.C.A. § 1101(f) provides that a person convicted of an aggravated felony can never be a person of good moral character:

(f) For the purposes of this chapter—
No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—...
(8) one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section).
8 U.S.C.A. § 1101(f)(8) (West 2005).

**8.** 8 U.S.C.A. § 1182 provides,

(a) Classes of aliens ineligible for visas or admission

migration statutes do not define "moral turpitude." "Whether a crime involves moral turpitude depends upon the inherent nature of the crime, as defined in the statute concerned, rather than the circumstances surrounding the particular transgression." *Pichardo v. I.N.S.*, 104 F.3d 756, 759 (5th Cir.1997). The Fifth Circuit has provided some assistance in determining whether a crime involves moral turpitude:

> Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude.

*Hamdan v. I.N.S.*, 98 F.3d 183, 186 (5th Cir.1996) (citations omitted). Sexual offenses, such as those covered by Michigan's section 750.052b, meet this definition. *See, e.g., Sheikh v. Gonzales*, 427 F.3d 1077, 1082 (8th Cir.2005) (crime involving having sex with minor is crime of moral turpitude); *Pichardo*, 104 F.3d at 757, 759 (crimes of "involuntary deviate sexual intercourse, indecent assault, . . . and incest" "unquestionably" involve moral turpitude); *Bendel v. Nagle*, 17 F.2d 719, 720 (9th Cir.1927) (rape "manifestly involves moral turpitude"). Accordingly, if appellant is an alien, his Michigan conviction involving moral turpitude already rendered him an inadmissible alien before he pleaded guilty to the offenses in these cases.

## Appellant's Immigration Status

When a trial court fails to admonish a defendant pursuant to article 26.13(a)(4), the defendant's status in terms of immigration law is material. For purposes of the harm analysis in these cases, there are only two possible scenarios concerning appellant's immigration status. Either he is a citizen or he is not a citizen. The record before us does not tell us whether appellant is a United States citizen.

If appellant is a United States citizen, then he is not subject to deportation or exclusion from admission to the country, and because he would already be a citizen, naturalization would be irrelevant. As a result, the failure to admonish appellant under article 26.13(a)(4) would be harmless error because the subject of the admonishment cannot apply to appellant, giving us fair assurance that appellant would not have changed his plea had the court properly admonished him. *Anderson*, 182 S.W.3d at 919; *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997).

However, if appellant is not a citizen, then the Michigan conviction for an aggravated felony involving moral turpitude permanently altered his status under federal immigration law. After that conviction, appellant was permanently subject to de-

---

Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States: . . .
 (2) Criminal and related grounds
 (A) Conviction of certain crimes
 (i) In general
 Except as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing

acts which constitute the essential elements of—
 (I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime, . . .
 is inadmissible.
8 U.S.C.A. § 1182(a)(2)(A)(i) (West 2005).
The exceptions in clause (ii) do not apply to appellant.

portation, exclusion from admission to the country, and denial of naturalization. *See* 8 U.S.C.A. §§ 1182(a)(2)(A)(i)(I), 1227(a)(2)(A)(iii), 1427(3). Appellant remained subject to those consequences at the time of his pleas in these cases. As a result of the Michigan conviction, his potential for deportation, exclusion from admission to the country, and denial of naturalization would have remained the same regardless of whether he was convicted or acquitted in these cases. Because these immigration issues could not be affected by appellant's convictions in these cases, the Court has "fair assurance" that appellant's decision to plead guilty in these cases would not have changed had the trial court given the article 26.13(a)(4) admonishment.

### Conclusion

I conclude the record provides "fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him" as required by article 26.13(a)(4), the error did not affect appellant's "substantial rights," and the error is not reversible.[9] *See* Tex.R.App. P. 44.2(b); *Anderson,* 182 S.W.3d at 919. Because the majority incorrectly determined the error is reversible, I dissent.

**9.** In *Carranza v. State,* 980 S.W.2d 653 (Tex. Crim.App.1998), the trial court failed to give the 26.13(a)(4) admonition to a manslaughter defendant who was subject to deportation because his permit had expired. *Id.* at 654. The court held the failure to give the admonition affected the defendant's substantial rights even though the defendant was subject to deportation because the restrictions on reentry for a person previously deported for an expired permit are not as harsh as those for a convicted felon. *Id.* at 658. In the case before us, however, appellant's prior conviction is for the same type of offense, an aggravated felony involving moral turpitude. Thus, unlike in *Carranza,* there is no distinction between the risk of deportation, exclusion from admission, and denial of naturalization appellant faces due to his prior Michigan conviction and the charged offense.