PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOSE BUSTOS,

　　　　　　*Petitioner-Appellee,*

v.

WILLIAM WHITE, Warden of Broad
River Correctional Institution;
HENRY DARGAN MCMASTER,
Attorney General of South Carolina,

　　　　　　*Respondents-Appellants.*

No. 07-6598

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Henry M. Herlong, Jr., District Judge.
(3:06-cv-00368-HMH)

Argued: January 31, 2008

Decided: March 28, 2008

Before WILKINSON and TRAXLER, Circuit Judges, and
Liam O'GRADY, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge Traxler wrote
the opinion, in which Judge Wilkinson and Judge O'Grady joined.

## COUNSEL

**ARGUED:** William Edgar Salter, III, OFFICE OF THE ATTOR-
NEY GENERAL OF SOUTH CAROLINA, Columbia, South Caro-

lina, for Appellants. Margaret A. Chamberlain, Greenville, South Carolina, for Appellee. **ON BRIEF:** Henry D. McMaster, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Donald J. Zelenka, Assistant Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellants.

## OPINION

TRAXLER, Circuit Judge:

William White, Warden of Broad River Correctional Institution, and Henry D. McMaster, Attorney General of South Carolina, appeal a district court order granting a conditional writ of habeas corpus to Jose Bustos. We reverse and remand for entry of judgment in favor of the State.

### I.

Bustos is an inmate at the Broad River Correctional Institution in Columbia, South Carolina. Bustos was indicted by a Pickens County grand jury on five counts of trafficking a controlled substance and one count of possession of a firearm during commission of a violent crime. In August 1997, he pled guilty to all charges and received one sentence of twenty years' imprisonment, a consecutive prison term of five years, a concurrent prison term of ten years, and a $200,000 fine. Bustos did not appeal his convictions or sentences.

In October 1997, Bustos filed an application for post-conviction relief ("PCR"), which he amended twice to add additional claims. Following a hearing, Bustos was denied relief and his application was dismissed with prejudice. After a petition for writ of certiorari pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (per curiam), was filed on Bustos's behalf,[1] the South Carolina Supreme Court denied certiorari.

---

[1] *Johnson* provides that counsel must follow the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967), in order to withdraw in a meritless appeal of a PCR denial.

In October 2001, Bustos filed a "Motion for Petition for Writ of Habeas Corpus" with the Pickens County Clerk of Court. J.A. 164. Bustos subsequently filed another PCR application, and then filed an amended application in December 2002. A South Carolina trial judge dismissed Bustos's petition for writ of habeas corpus for several procedural reasons[2] but found that his pending PCR application should be amended to include the grounds alleged in his habeas petition.

The State of South Carolina then filed its return to the pending PCR application, arguing that the application should be summarily dismissed because it was barred as successive, *see* S.C. Code Ann. § 17-27-90 (2003), and because it was untimely under the one-year statute of limitations governing PCR actions, *see* S.C. Code Ann. § 17-27-45(A) (2003). The state trial judge summarily dismissed all but two of Bustos's claims for the reasons advanced by the State. The remaining claims were that Bustos's trial counsel incorrectly advised him that if he pled guilty he would be eligible for parole and he would not be deported after serving his sentence.

At a hearing regarding these claims, Bustos's wife testified that Bustos had told her that he believed he was eligible for parole and would not be deported. Bustos testified that his trial counsel had advised him that he would be parole eligible if he pled guilty and that deportation would be waived since he was married to an American citizen. He also testified that he would not have pled guilty had he realized that he would not in fact be paroled and that he would likely be deported after serving his sentence. Bustos's trial counsel refuted Bustos's testimony, testifying that he never made any representations to Bustos regarding parole eligibility or deportation.

A South Carolina trial judge ("the PCR court") dismissed Bustos's application. Crediting the testimony of Bustos's trial counsel and discrediting that of Bustos and his wife, the PCR court found that "trial counsel did not advise [Bustos] about either parole eligibility or

---

[2]The court ruled that Bustos had failed to allege that he had exhausted all other available remedies and that his allegations could not be raised in a habeas petition in state circuit court because they were cognizable under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to -160 (2003).

deportation possibilities with regard to his charges" and therefore that "trial counsel's performance did not fall below reasonable professional standards." J.A. 252. The court also rejected Bustos's assertion that he would not have pled guilty but for trial counsel's alleged misadvice. Again, a *Johnson* petition for writ of certiorari was filed on Bustos's behalf, and the South Carolina Supreme Court denied the petition.

On February 16, 2006, Bustos filed a petition for writ of habeas corpus in federal district court naming Warden William White of Broad River Correctional Institution and South Carolina Attorney General Henry D. McMaster (together, "the State") as respondents and advancing several claims. In the only claim relevant to our disposition of the present appeal, Bustos alleged that he received constitutionally ineffective assistance from his trial counsel because counsel "failed to . . . fully inform petitioner" that he would be ineligible for parole if he pled guilty ("the parole ineligibility advice claim"). J.A. 273. The government moved for summary judgment, arguing that parole eligibility was only a collateral consequence of a guilty plea and thus counsel could have been constitutionally ineffective only by *affirmatively misadvising* Bustos *that he would be eligible*, which the state court properly found that he did not do.

After the case was referred to him, a magistrate judge determined that if Bustos was ineligible for parole at the time he pled guilty, then defense counsel's failure to advise Bustos of that fact constituted ineffective assistance and the PCR court holding otherwise "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C.A. § 2254(d) (West 2006). The magistrate judge, citing decisions of this court, reasoned that "parole ineligibility is considered a direct consequence of a guilty plea, and counsel has an affirmative duty to advise his client of this fact." J.A. 328 (citing *Cuthrell v. Director*, 475 F.2d 1364, 1366 (4th Cir. 1973); *Bell v. North Carolina*, 576 F.2d 564, 565 (4th Cir. 1978); and *Chapman v. Angelone*, 187 F.3d 628, 1999 WL 511062 (4th Cir. 1999) (per curiam) (unpublished table decision)). The magistrate judge concluded, however, that whether Bustos was eligible for parole at the time he pled guilty, or rather, whether he became ineligible only some time after he pled guilty, could not be determined on the summary

judgment record. The magistrate judge therefore recommended that summary judgment be denied on the parole ineligibility advice claim.

The State objected to the magistrate judge's report and recommendation. As is relevant here, the State emphasized that in determining, under the AEDPA,[3] whether a state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law," a court considers only holdings *of the United States Supreme Court*, and the State contended that "there is no United States Supreme Court precedent requiring counsel to advise on parole eligibility." J.A. 338.

Considering the State's objections, the district court noted that although the Supreme Court had not addressed whether a parole-ineligible defendant must be advised of his parole ineligibility before pleading guilty, the Fourth Circuit had concluded that such a defendant must be so advised. On that basis, the district court ruled that counsel's "failure to inform Bustos that he was ineligible for parole was contrary to clearly-established federal law and unreasonable." *Bustos v. White*, 2007 WL 914229, at *6 (D.S.C. 2007). The court also concluded that Bustos was prejudiced by counsel's deficient performance because Bustos testified that he would not have pled guilty had he known he was not eligible for parole. *See id.* at *7. Based on that analysis, the district court issued a conditional writ of habeas corpus, directing the State to either release Bustos or retry him within 180 days. *See id.*

## II.

The State maintains that the district court erred in granting Bustos relief on the parole ineligibility advice claim when Supreme Court law did not clearly establish that his attorney was constitutionally deficient in failing to inform him that he was parole ineligible. We agree.[4]

---

[3]The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996).

[4]The government also contends that the parole ineligibility advice claim was procedurally defaulted and that Bustos's habeas petition was not timely filed. Because we decide this appeal on the basis discussed above, we do not address these issues though we note that there is a substantial question of waiver by the State of the procedural default.

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," U.S. Const. Amend. VI, and that such assistance be effective, *see Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to establish a claim for ineffective assistance of counsel, Bustos must demonstrate "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate inadequate performance, Bustos "must show that counsel's representation fell below an objective standard of reasonableness" measured by "prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Bustos "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. That burden would require Bustos to establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Pursuant to the limits on federal habeas review of a state conviction, when a habeas petitioner's constitutional claim has been "adjudicated on the merits in State court proceedings," we may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d). A state court's decision is contrary to clearly established federal law under § 2254(d) when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. Factual determinations made by the state court "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1) (West 2006).

The claim at issue in this appeal is that because Bustos was ineligible for parole, Bustos's attorney was constitutionally ineffective for failing to advise him of his parole ineligibility before he pled guilty. Neither the district court nor Bustos point us to any Supreme Court precedent clearly establishing the proposition that an attorney's representation is constitutionally deficient when he fails to alert a defendant considering pleading guilty that he will not be eligible for parole. Indeed, the Supreme Court has specifically declined to address that very question. *See Hill*, 474 U.S. at 60 ("We find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel . . . ."); *see also id.* at 56 ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary.").

The Supreme Court has held that a judge accepting a guilty plea must determine that the defendant fully understands the consequences of the guilty plea. *See Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969). Bustos does not deny, however, that defense counsel's failure "to ascertain and advise [his client] of the *collateral* consequences of a guilty plea" does not constitute ineffective assistance. *United States v. Yearwood*, 863 F.2d 6, 8 (4th Cir. 1988) (emphasis added). Nevertheless, citing *Cuthrell v. Director*, 475 F.2d 1364 (4th Cir. 1973), Bustos maintains that parole ineligibility is a "'direct consequence[ ]'" of a guilty plea, and thus that his trial counsel was ineffective in failing to inform him of it. *Id.* at 1365-66 (stating in dicta that parole ineligibility is a direct consequence of a guilty plea and thus that the defendant must be made aware of it before he can validly plead guilty).

What Bustos fails to appreciate, however, is that it is Supreme Court precedent, and not Fourth Circuit precedent, to which we look in applying the AEDPA standard of review. *See Williams*, 529 U.S. at 381-82; *id.* at 390 n.15 (explaining that to justify grant of habeas relief under the AEDPA, the law with which the decision conflicts "must be 'clearly established' by [the Supreme] Court alone."). And,

no Supreme Court precedent establishes that parole ineligibility constitutes a direct, rather than a collateral, consequence of a guilty plea. Indeed, the majority of circuits deciding the issue have concluded that parole ineligibility is only a collateral consequence. *See United States v. United States Currency in the Amount of $228,536.00*, 895 F.2d 908, 915 (2d Cir. 1990); *Holmes v. United States*, 876 F.2d 1545, 1549 (11th Cir. 1989) (holding that "the requirements of Rule 11 [of the Federal Rules of Criminal Procedure] do not encompass the court's failure to inform a defendant of his ineligibility for parole since parole eligibility is a collateral rather than a direct consequence of a guilty plea"); *Hill v. Lockhart*, 731 F.2d 568, 570 (8th Cir. 1984) ("The details of parole eligibility are considered collateral rather than direct consequences of a plea, of which a defendant need not be informed before pleading guilty." (citations omitted)), *aff'd*, 474 U.S. 52 (1985); *Armstrong v. Egeler*, 563 F.2d 796, 800 (6th Cir. 1977) (holding that due process does not require that a defendant be informed of his parole ineligibility before pleading guilty); *Trujillo v. United States*, 377 F.2d 266, 268-69 (5th Cir. 1967) (holding that a defendant need not be advised of his parole ineligibility before entering a guilty plea because "eligibility for parole is not a 'consequence' of a plea of guilty, but a matter of legislative grace" and thus "noneligibility for parole is not a 'consequence' of a plea of guilty" but rather "a consequence of the withholding of legislative grace" (internal quotation marks omitted)). For all of these reasons, we conclude that there is no basis for determining that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. We therefore reverse the district court's conditional grant of a habeas writ and remand to the district court for entry of judgment in favor of the government.

*REVERSED AND REMANDED*