Opinion issued January 13, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00524-CR

———————————

Steve Jenkins, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 182nd District
Court 

Harris County, Texas



Trial
Court Case No. 1178676



 

MEMORANDUM OPINION

          Appellant
Steve Jenkins pleaded guilty to aggravated robbery, and the trial court
assessed punishment at life in prison pursuant to the habitual offender statute.  See Tex. Penal Code Ann. §§ 12.42(d), 29.03 (Vernon 2003 & Supp. 2010).[1]  On appeal, Jenkins argues that his
guilty plea was involuntary because the trial
court improperly admonished him as to the range of punishment for aggravated
robbery.  See Tex. Code
Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2010).

The trial court erred because
the admonishments given to Jenkins indicated a maximum sentence of 99 years
rather than life in prison, and for that reason did not substantially comply
with the requirements of article 26.13(a)(1). 
Because Jenkins was not harmed by the error, we affirm.

Background Facts

Jenkins was indicted for aggravated
robbery.  He pleaded guilty and signed a
“waiver of constitutional rights, agreement to stipulate, and judicial
confession,” in which he certified that he understood the allegations in the
indictment and confessed that they were true. 
Jenkins also acknowledged that the prosecutor had not made a sentencing
recommendation.  The plea was signed by
Jenkins, his counsel, the assistant district attorney, and the trial court.

          Jenkins
also signed a set of admonishments, statements, and waivers, in which the trial
court admonished him, in writing, that “[t]he punishment range [for aggravated
robbery] is confinement in prison for 25 years–99 years TDCJ-ID and a fine of up to $10,000.”  Significantly for this appeal, Jenkins was 45
years old at the time the admonishments were given.  He certified that he understood the charge
against him, the nature of the proceedings, and the voluntary nature of his
plea, and he acknowledged that he understood the admonishments and the
consequences of his plea.  Jenkins, his
attorney, the assistant district attorney, the deputy district clerk, and the
trial court all signed the admonishment form. 
There was no reporter’s record made during the plea hearing, so there is
no record of whether or how Jenkins was orally admonished before the trial
court entered his plea. 

          The trial court heard evidence at the
sentencing phase.  Jenkins explained that
he had a substance abuse problem and that he was using drugs when the robbery
occurred.  He testified that he was sorry
for what he had done and asked the court to “have mercy” on him.  On cross-examination, Jenkins acknowledged
that the minimum sentence for aggravated robbery was 25 years.  He also said, “I know I’m fixing to leave,
and maybe I’ll never get out of prison.” 
During closing arguments, the State argued that Jenkins deserved a life
sentence but recommended that he receive no less than 50 years’
confinement.  Jenkins’s attorney argued
that a life sentence was too long and asked the trial court to be
merciful.  The trial court accepted
Jenkins’s guilty plea and assessed punishment at life in prison.  The court’s judgment states that Jenkins was
convicted of aggravated robbery and sentenced to life in prison.

Analysis

          In his sole
issue, Jenkins argues that his guilty plea was involuntary because the trial
court improperly admonished him regarding the applicable range of
punishment.  He contends that the
punishment assessed by the trial court lies outside of the punishment range
stated on the admonishment form, and therefore it does not substantially comply
with the requirements of article 26.13(a)(1) of the Code of Criminal
Procedure.  He complains that he was
misled by the punishment range indicated on the admonishment form, and he
further contends that he would have opted for a jury trial had he known that he
could be sentenced to life in prison.

Before
accepting a guilty plea, the trial court is required to admonish the defendant
of the range of punishment attached to the offense.  See
Tex. Code Crim. Proc. Ann. art. 26.13(a)(1).  While these admonishments are not
constitutionally required, their purpose is to assist the trial court to
determine whether the defendant knowingly and voluntarily relinquishes his rights,
so as to ensure that only a constitutionally valid plea is entered and accepted
by the court.  Aguirre-Mata v. State, 125 S.W.3d 473, 474 n.4 (Tex. Crim. App. 2003)
(Aguirre-Mata II); Carranza v. State, 980 S.W.2d 653, 656
(Tex. Crim. App. 1998).  Consistent with
the requirements of the Fifth and Fourteenth Amendments, a guilty plea is valid
only if it represents a voluntary and intelligent choice among the alternative courses of action open
to the defendant.  See, e.g., North Carolina v. Alford,
400 U.S. 25, 31, 91 S. Ct. 160, 161 (1970); Kniatt v. State, 206 S.W.3d
657, 664 (Tex. Crim. App. 2006).  If a plea is entered after a defendant is made
fully aware of the plea’s direct consequences, it is considered voluntary.  State
v. Jiminez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).  But if the plea is involuntary, it must be
set aside.  Boykin v. Alabama, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969); Williams
v. State,
522 S.W.2d 483, 485 (Tex. Crim. App. 1975).

I.                 
Lack of substantial compliance

“In
admonishing the defendant . . . substantial compliance by the court is
sufficient, unless the defendant affirmatively shows that he was not aware of
the consequences of his plea and that he was misled or harmed by the
admonishment of the court.”  Tex. Code
Crim. Proc. Ann. art. 26.13(c) (Vernon Supp. 2010).  Accordingly, an incorrect or incomplete
admonishment will not result in reversible error, provided that: (1) the trial
court undertakes to admonish the defendant as to the range of punishment, either
orally or in writing; (2) it assesses punishment within the range prescribed by
law; and (3) the defendant fails to affirmatively show that his plea was
involuntary.  Ramos v. State, 928 S.W.2d 157, 160 (Tex. App.—Houston [14th Dist.]
1996, no pet.).

If the record shows that the trial
court gave an incorrect admonishment regarding the range of punishment but the
actual sentence is less than both the misstated maximum and the statutory
maximum, then substantial compliance with article 26.31(a)(1) is attained.  Martinez
v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (finding substantial
compliance when defendant was admonished that punishment range was 2 to 10
years’ confinement, or life, but actual statutory range was 2 to 10 years).  When, however, the defendant receives a
greater sentence than the court informed the defendant was possible, the
admonishment does not substantially comply. 
See Weekley v. State, 594
S.W.2d 96, 97 (Tex. Crim. App. 1980), abrogated
on other grounds by Aguirre-Mata v. State, 992 S.W.2d 495 (Tex. Crim. App.
1999) (Aguirre-Mata I).  That is what happened here.  The admonishments did not substantially
comply with the requirements of article 26.13(a)(1) because Jenkins
received a greater sentence—life—than the maximum sentence the court informed
him was possible—99 years.

II.              
Non-constitutional harm analysis

When an admonishment does not
substantially comply with the requirements of section 26.13(a)(1), the court
must analyze harm under Rule 44.2(b) of the Texas Rules of Appellate Procedure
to determine if the trial court’s noncompliance caused the plea to become
involuntary.  Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002); Aguirre-Mata I, 992 S.W.2d at 499.  The
court must disregard any error unless it affects the appellant’s substantial
rights.  Tex. R. App. P. 44.2(b); Burnett 88 S.W.3d 633, 637. 
An improper admonishment affects the appellant’s substantial rights only
if the record shows that the appellant’s plea was involuntary, i.e., that he
was not aware of the consequences of his plea and that he was misled or harmed
by the improper admonishment.  Anderson v. State, 985 S.W.2d 195, 198
(Tex. Crim. App. 1998) (citing Carranza,
980 S.W.2d at 657–58).  Accordingly, the
court should affirm unless, considering the record as a whole, it does not have
a fair assurance that the defendant’s decision to plead guilty would not have
changed had the defendant been properly admonished.  Id.
at 198; see VanNortrick v. State, 191
S.W.3d 490, 492 (Tex. App.—Dallas 2006, pet. ref’d).

Relying on Weekley v. State, 594 S.W.2d 96 (Tex. Crim. App. 1980), Jenkins
argues that the defendant need not demonstrate harm when the sentence imposed
is outside the range of punishment referenced in the admonishments.  Id. at
97.  Jenkins also contends that his plea
was involuntary because the written admonishments were misleading and that he
would have sought a jury trial had he known that he could be sentenced to life
in prison as opposed to a maximum of 99 years.

While the trial court’s
admonishment as to the range of punishment did not substantially comply with
article 26.13(a)(1), Jenkins misstates the applicable standard.  The Court of Criminal Appeals in Aguirre-Mata v. State, 992 S.W.2d 495
(Tex. Crim. App. 1999), recognized the abrogation of Weekley and other similar cases that suggested harm is presumed
whenever the trial court’s admonishments do not substantially comply with
article 26.13(a)(1).  See 992 S.W.2d 497 n.2, 498–99. 
Instead, we now determine whether the trial court’s failure to
substantially comply with article 26.13(a)(1) affected the appellant’s substantial
rights; that is, did the improper admonishment render Jenkins’s plea
involuntary?  Aguirre-Mata II, 125 S.W.3d at 473; see VanNortrick, 191 S.W.3d at 492; Anderson, 985 S.W.2d at 198. 
When reviewing the voluntariness
of a guilty plea, the record is viewed as a whole and the voluntariness of a
guilty plea is determined by the totality of the circumstances.  Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986);
Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996,
no writ).

Jenkins complains that his plea was involuntary because he was improperly
admonished as to the range of punishment, and he contends that he would not
have pleaded guilty if he had understood the consequences of plea.  However, he neither argues nor explains why
knowing he was subject to the possibility of a life sentence would have
resulted in him making a different decision than the one he made knowing he was
subject to a possible sentence of 99 years. 
Jenkins certified that he was mentally competent, that his plea was
given freely and voluntarily, and that he understood the charges against him
and the nature of the proceedings.  He
also acknowledged that he understood the consequences of his plea.  Nothing in the record suggests that Jenkins
did not understand a maximum sentence of 99 years to be functionally equivalent
to a maximum sentence of life imprisonment. 
Indeed, during the punishment hearing, Jenkins, who was 45 years old at
the time, acknowledged that he may “never get out of prison.”  Without more, the mere contention that he
would not have pleaded guilty does not
demonstrate harm for the purpose of establishing that the plea was involuntary
or unknowing because a guilty plea may be voluntary and intelligent even if the
defendant was misled or confused about the sentence he could receive.  Ex
parte Gibauitch, 688 S.W.2d 868, 872 (Tex. Crim. App. 1985); see also Aguirre-Mata II, 125 S.W.3d at 474
n.4 (concluding that admonishments required by art. 26.13(a) are not
constitutionally mandated but are designed to assist district judge in
determining whether guilty plea is truly voluntary).

Moreover, Brady v. United States,
397 U.S. 742, 90 S. Ct. 1463 (1970), and
its progeny require only that the defendant be aware of the direct consequences
of his guilty plea.  See 397 U.S at 755–57, 90 S. Ct. at 1472–74.  The only practical difference between a sentence of 99 years and life in prison
relates to parole eligibility, which is a collateral consequence of the
defendant’s guilty plea.  Bell v. State, 256 S.W.3d 465, 469 (Tex. App.—Waco
2008, no pet.) (citing Ex parte Young, 644 S.W.2d 3, 4 (Tex. Crim. App. 1983), overruled on other
grounds by Ex parte Evans,
690 S.W.2d 274, 279 (Tex. Crim. App. 1985)); see also Hill v. Lockhart,
474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (holding that State is not
constitutionally required to furnish defendant with information about parole
eligibility in order for defendant’s guilty plea to be voluntary); Bustos v.
White, 521 F.3d 321, 325 (4th Cir. 2008) (“the majority of circuits
deciding the issue have concluded that parole ineligibility is only a
collateral consequence”).  The record
reflects that Jenkins understood that he might never get of prison.  Accordingly, we conclude that his guilty plea
was not involuntary or unintelligent because he was incorrectly admonished that
the maximum punishment was for 99 years.

Conclusion

          Because the
record shows that Jenkins was aware of the consequences of his plea, we
conclude that the trial court’s failure to properly admonish him regarding the
possibility of a life sentence did not mislead or harm him.  See
Burnett, 88 S.W.3d at 641.  In
the absence of any evidence that Jenkins’s decision to plead guilty would have
changed if the trial court had given a different admonishment, we hold that
there is no evidence of harm and we overrule his sole issue.

We affirm the judgment of the trial
court.

 

 

 

Michael
Massengale

                                                                   Justice

 

 

Panel consists of Chief Justice Radack and Justices Bland and Massengale.

 

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]
              The habitual offender statute provides that a
defendant who has previously been convicted of two felony offenses “shall be
punished by imprisonment in the Texas Department of Criminal Justice for life,
or for any term of not more than 99 years or less than 25 years.”  Tex.
Penal Code Ann. § 12.42(d) (Vernon Supp. 2010).  Jenkins had been convicted twice of felony
burglary of a habitation and pleaded true to both enhancement paragraphs.