

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00075-CR

_____

FALLON WAYNE HART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12428, Honorable Ralph H. Walton, Jr., Presiding

September 2, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Fallon Wayne Hart was convicted, after pleading guilty, of three counts of aggravated assault of a public servant with a deadly weapon and sentenced by a jury to ninety-nine years confinement on each count.  On appeal, he complains of the trial court's failure to admonish him of the consequences of deportation prior to entry of his guilty pleas.  We affirm the judgment.

Prior to accepting a guilty plea, the trial court is required to admonish a defendant that if he is not a United States citizen, a guilty plea may result in his deportation, the

exclusion from admission to this country, or the denial of naturalization. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2013). The failure to do so is non-constitutional error. *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). Thus, we consider the record as a whole to determine if we have a fair assurance that the decision to plead guilty would not have changed if he had been admonished. *Id.* at 709. Three issues are relevant to the fair assurance determination. They include 1) whether the defendant knew the consequences of his plea, 2) the strength of the evidence of his guilt, and 3) his citizenship and immigration status. *Id.* at 712. The error is harmless if the record shows conclusively that the defendant is a United States citizen. *Lawrence v. State*, 306 S.W.3d 378, 379 (Tex. App.—Amarillo 2010, no pet.). In the absence of conclusive proof regarding citizenship status, we may draw reasonable inferences from facts in the record. *VanNortrick v. State*, 227 S.W.3d at 710. Indeed, we struggle with the notion that his plea would have differed if he was again told what he had already been told numerous times before when pleading guilty.

Appellant had numerous prior convictions beginning when he was eighteen years old and occurring in Texas, Colorado, and Tennessee. More importantly, at least four of those convictions occurred in Texas. And, according to the record before us, they arose from either a plea of guilty or no contest after he had been admonished, in writing, about the effect a criminal conviction could have on his ability to remain in the United States if he was not a United States citizen. From this, one can reasonably infer that appellant already knew the information omitted at bar. And, that appellant already knew what the consequences of a plea could be if he was not a citizen bodes against finding harm. *VanNortrick v. State*, 227 S.W.3d at 712 (noting that the failure to

2

admonish has far less impact on a defendant's decision to plead guilty if the defendant was already aware of the particular consequence).

To the foregoing, we add evidence of appellant 1) never having been deported despite his prior convictions, 2) needing no interpreter at trial, 3) being born on October 21, 1977, 4) having both a social security number and a driver's license number, 5) having grown up in Texas, 6) having a parent and step-parent who worked and lived in Texas and had done so for many years, 7) having married in Texas, 8) having fathered children in Texas, and 9) having worked in Texas and Virginia.

The circumstances we listed above are akin to those in *Pender v. State*, No. 02-13-00400-CR, 2014 Tex. App. LEXIS 4992, at *8-10 (Tex. App.—Fort Worth May 8, 2014, no pet.) (not designated for publication).  There, the record illustrated that 1) Pender had a social security number as a juvenile, a Texas identification card, and a Texas driver's license; 2) he grew up in Texas and Alaska; 3) the majority of his family lived in Texas; 4) he had worked for large corporations in the past; 5) he had two prior convictions that would have subjected him to deportation and he affirmed he was aware of the consequences of his pleas after receiving written admonishments; and, 6) he did not need an interpreter at trial.  Moreover, those indicia, according to the *Pender* court, were enough when "considered as a whole, [to] support the reasonable inference that . . . [Pender was] . . . a United States citizen." *Id.*  Given that 1) the case before us was transferred to us from the Fort Worth Court of Appeals, 2) rule of procedure requires us to abide by precedent of that court, *see* TEX. R. APP. P. 41.3, and 3) the Fort Worth court issued an opinion in a case involving virtually the same issue as that at bar, we are bound by *Pender.*  Thus, we too conclude that the record, when considered as a whole,

supports the reasonable inference that appellant, at bar, was a citizen of the United States.[1] In other words, we have a fair assurance that the decision to plead guilty would not have changed if he had been admonished. Consequently, the failure to provide the admonishment in question was harmless.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.

---

[1] It is the indicia noted in the body of our opinion that distinguishes the case before us from authority, such as *VanNortrick* v. *State,* 191 S.W.3d 490 (Tex. App.—Dallas 2006), *aff'd,* 227 S.W.3d 706 (Tex. Crim. App. 2007), relied upon by appellant. Like indicia was absent in them. Nor did those opinions issue from the Fort Worth Court of Appeals.